IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WILLIAM DONOHUE, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 5:20-cv-261 |
| | § | |
| REV RECREATION GROUP, INC., | § | |
| And DAIMLER TRUCKS | § | |
| NORTH AMERICA, LLC, | § | |
|    *Defendants*. | § | |

## DEFENDANT FREIGHTLINER CUSTOM CHASSIS CORPORATION'S NOTICE OF REMOVAL

**TO THE HONORABLE U.S. DISTRICT COURT JUDGE:**

COMES NOW, Defendant Freightliner Custom Chassis Corporation, (**"FCCC" or "Defendant"**), improperly joined and named as Defendant Daimler Trucks North America, LLC, and pursuant to 28 U.S.C. § 1332, 1441(a), and 1446(a), removes this case from the 433rd Judicial District Court of Comal County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division. In support of this removal, Defendant respectfully offers this Court the following:

### I.
### BRIEF FACTUAL AND PROCEDURAL BACKGROUND

**1.** This lawsuit relates to a 2019 Fleetwood American Dream motorhome (VIN: 4UZACGFE5JCJZ4981). *See* **Exhibit B** (Pl. Orig. Pet.) at ¶¶ 8-9. FCCC manufactured the chassis on the motor home and provided a limited express warranty on the chassis. Co-Defendant REV Recreation Group, Inc. (**"REV"**), manufactured and provided a limited express warranty on the body of the motor home.

**2.** On January 24, 2020, Plaintiff filed this lawsuit in the 433rd Judicial District Court of Comal County, Texas. *See* **Exhibit B**. In his Original Petition, Plaintiff asserts that REV and FCCC violated the following provisions of the DTPA because the motor home allegedly contains defects: **(a)** § 17.50(1) – use or employment of false, misleading, or deceptive acts or practices; **(b)** § 17.50(2) – breach of express warranty; **(c)** § 17.50(2) – breach of the implied warranty to perform repairs in a good and workmanlike manner; **(d)** § 17.50(2) – breach of the implied warranty of merchantability; and **(e)** § 17.50(3) – unconscionable action or course of action. *Id*. at ¶ 11.

**3.** FCCC was served with a copy of Plaintiff's Original Petition on February 10, 2020. *See* **Exhibit C** (Return of Service of Process). Pursuant to 28 U.S.C. § 1446(b)(3), FCCC now timely files this Notice of Removal within 30 days after service and receipt of Plaintiff's Original Petition. Additionally, this case is being removed within one year of commencement of the action as required under 28 U.S.C. § 1445(c)(1).

**II.**
**GROUNDS FOR REMOVAL**

**4.** Removal is proper because subject-matter jurisdiction is established under 28 U.S.C. §1332(a).

**A.** **Amount in Controversy Exceeds $75,000.00**

**5.** The amount in controversy in this lawsuit exceeds the sum or value of $75,000.00, because according to Plaintiff's Original Petition, Plaintiff seeks "more than $200,000 but less than $1,000,000" in damages. *Id.* at ¶2; *see also, e.g., Wilbanks v. N. Am. Coal Corp.*, 334 F. Supp. 2d 921, 924 (S.D. Miss. 2004) ("an explicit proclamation generally controls the amount in controversy question, as plaintiffs are regarded as masters of their own complaint and are presumed to proceed in good faith.").

**B.     Complete Diversity of Citizenship.**

6.     There is also complete diversity of citizenship between Plaintiff and Defendants because:

   a.     Plaintiff is a citizen of Texas. *Id.* at ¶ 3.

   b.     At the time the lawsuit was commenced and at the time of removal, Defendant FCCC, improperly named as Daimler Trucks North America, LLC,[1] was/is a Delaware corporation with its principal place of business in Gaffney, South Carolina.  FCCC there is/was a citizen of Delaware and South Carolina; FCCC is/was not a citizen of Texas.

   c.     At the time the lawsuit was commenced and at the time of removal, Defendant REV was/is an Indiana corporation with its principal place of business in Indiana. *See* **Exhibit B** at ¶ 4.  REV therefore is/was a citizen of Indiana; REV is/was not a citizen of Texas.

### III.
### CONSENT

7.     The undersigned counsel conferred with Co-Defendant REV's counsel, and Co-defendant has provided its consent to removal. *See* 28 U.S.C. §1446(b)(2)(A).

---

[1] DTNA, which is improperly named as the defendant, is also diverse from Plaintiff because it is a citizen of Delaware and Oregon.  More specifically, DTNA is a limited liability company with one member, Daimler Trucks & Buses US holding, Inc.  DTNA's sole member is a Delaware Corporation with its principle place of business in Oregon. *See, e.g., Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (holding "the citizenship of a LLC is determined by the citizenship of all of its members.").  DTNA does not have any member who is a citizen of Texas.

## IV.
## VENUE IS PROPER

**8.** Venue is proper in this Court under 28 USC §1441(a), because this district and division embrace the place in which the removed State court action has been pending. Specifically, the Comal County Judicial District Court is within the district and division of the United States District Court of the Western District of Texas, San Antonio Division. *See* 28 U.S.C. §124(d)(4).

## V.
## DEFENDANT HAS COMPLIED WITH ALL PROCEDURAL REQUIREMENTS

**9.** As required under 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendant are attached to this Notice of Removal, and include the following:[2]

- **Exhibit A:** Docket sheet from State court;
- **Exhibit B:** Plaintiff's Original Petition;
- **Exhibit C:** Proof of Service on Defendant FCCC;
- **Exhibit D**: Co-Defendant REV's Answer; and
- **Exhibit E**: FCCC's Original Answer.[3]

**10.** On filing of this Notice of Removal, Defendant will promptly provide written notice to Plaintiff and file a copy of this Notice of Removal with the clerk of the State court where the suit has been pending, in accordance with 28 U.S.C. § 1446(d).

**11.** In the event this Court subsequently identifies a defect in this Notice of Removal, Defendant respectfully requests this Court to grant Defendant leave to amend this Notice and cure

---

[2] The State court judge(s) has not signed any orders in this case.

[3] On February 28, 2020, Defendant filed an Answer in the State court proceeding. *See* **Exhibit E**; FED. R. CIV. P. 81(c)(2) ("After removal, repleading is unnecessary unless the court orders it.").

the defect. *See, e.g., Sutton v. Advanced Aquaculture Sys., Inc.*, No. 07-CV-175-XR, 2007 WL 1032339, at *1 (W.D. Tex. April 3, 2007) (explaining "Defendants may still amend their notice of removal after the expiration of the original 30-day time limit for removal."); *Lafayette City-Parish Consol. Government v. Chain Elec. Co.*, No. 11–1247, 2011 WL 4499589, *7 (W.D. La. Sept. 23, 2011)(explaining "defendants may freely amend the notice of removal required by section 1446(b).").

**12.** By filing this Notice of Removal, Defendant does not waive any legal defenses, but expressly reserves its right to raise any and all legal defenses in subsequent pleadings in this Court.

**13.** This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required under 28 U.S.C. §1446(a).

## VI.
### CONCLUSION

WHEREFORE, Defendant Freightliner Custom Chassis Corporation represents that it has complied with the removal statutes set forth above, and thus, this case stands removed from the 433rd Judicial District Court of Comal County to the United States District Court for the Western District of Texas, San Antonio Division.

        Respectfully submitted and signed pursuant to
        Federal Rule of Civil Procedure 11,

        **GERMER BEAMAN & BROWN, P.L.L.C.**
        301 Congress Avenue, Suite 1700
        Austin, Texas 78701
        (512) 472-0288 Telephone
        (512) 472-9260 Facsimile

        By:  */s/ Ryan C. Bueche*
              Ryan C. Bueche
              State Bar No. 24064970

rbueche@germer-austin.com
Maria Korzendorfer
State Bar No. 24102040
mkorzendorfer@germer-austin.com

**ATTORNEYS FOR DEFENDANT
FREIGHTLINER CUSTOM CHASSIS
CORPORATION**

**CERTIFICATE OF SERVICE**

  I certify by my signature above that a true and correct copy of the above and foregoing has been served on all attorneys of record as listed below on March 3, 2020:

                */s/ Ryan C. Bueche*
                Ryan C. Bueche